UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUELLING ROSA DE AGUIAR,<br><br>           *Petitioner*,<br><br>     v.<br><br>ERIC ROKOSKY, Warden of<br>Elizabeth Contract Detention<br>Facility et al.,<br><br>           *Respondents*. | No. 2:25-CV-18581 (MEF)<br><br>**ORDER** |

*    *    *

The Court largely assumes familiarity with the facts and
procedural history of this case.

*    *    *

The Petitioner[1] is a non-citizen who entered the United States in
June 2005.  See Amended Petition for Writ of Habeas Corpus
("Petition") (ECF 13) ¶ 18.  She was arrested by federal
immigration authorities; issued a notice directing her to appear
before an immigration judge a few months later; and released on
her own recognizance.  See id.  She did not appear, and so in
September 2005 was ordered removed in absentia.  See id. ¶ 19.

In May 2024, the Petitioner was again detained by immigration
authorities, see id., and around six months later immigration
authorities released her on an Order of Supervision.  See id.
Then in December 2025, she was detained again.  See id.

The Petitioner remains detained, and to challenge her detention
she has filed this Petition.

*    *    *

The Respondents contend: the Petitioner was lawfully detained
under 8 U.S.C. § 1231 in May 2024 and again in December 2025.
See Expedited Answer to § 2241 Habeas Petition ("Initial

---

[1]  Suelling Rosa De Aguiar.

Answer") (ECF 8) at 1-3; Answer to Petitioner's Amended Petition ("Second Answer") (ECF 22) at 2; Response Regarding Petitioner's 2024 Detention ("Supplemental Answer") (ECF 25) at 1.

But the label does not stick.

In 2024 and 2025, the Petitioner could not have been subject to the mandatory detention scheme laid out in Sections 1231(a)(1) and (a)(2), because the 90-day mandatory "removal period" contemplated by those provisions lapsed roughly 20 years ago. See 8 U.S.C. § 1231(a)(1)(B) ("The removal period beings on . . . [t]he date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the [INA] shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order.").[2]

Nor can the Petitioner be subject to the discretionary detention authority at 8 U.S.C. § 1231(a)(6).  Section 1231(a)(6) provides for "further," Initial Answer at 3, detention of aliens who are already detained during the mandatory 90-day detention period.

But largely for the reasons laid out in Diallo v. Joyce, the provision does not supply a "free-roaming" detention authority that may be used at any point.  2025 WL 3718477, at *2 (S.D.N.Y. Dec. 23, 2025) (discussing how the text and structure of Section 1231, plus the relevant regulations, provide support for this conclusion).[3]

---

[2]  The Court's March 31 text order should not be taken to suggest that the Court accepted the Respondents' representation that the 90-day mandatory detention period began in December 2025 when the Petitioner was most recently detained.

[3]  And, as discussed just above, the Petitioner's detention between May 2024 and November 2024 cannot be thought of as mandatory under § 1231(a)(1) and (a)(2), because the relevant period lapsed years before.  Therefore, any argument that the December 2025 detention was an extension of the May 2024 detention under Section 1231(a)(6) or an appropriate re-detention following her order of release on supervision, see Supplemental Answer at 1-2, cannot hold.  Any attempt to use such authorities to argue that the Petitioner is now subject to mandatory detention is undone by the fact that the Petitioner was not lawfully detained pursuant to Section 1231 in May 2024.

\*    \*    \*

For the reasons set out above, Section 1231 does not supply a basis for the Petitioner's current detention, so that detention must derive from 8 U.S.C. § 1226.

And because the Petitioner is being held under Section 1226(a), he is entitled to a bond hearing. See, e.g., Mboup v. Field Off. Dir. of N.J. Imm. & Customs Enf't, 2025 WL 3062791, at \*2 (D.N.J. Nov. 3, 2025); Lopez v. Soto, 807 F. Supp. 3d. 410, 412 & n.3 (D.N.J. 2025) (so holding and collecting cases).

\*    \*    \*

A separate order with next steps will issue.

IT IS on this 17th day of April, 2026, so **ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

3